**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| X CORP., <br><br>     *Plaintiff*, <br><br>     v. <br><br> NATIONAL MUSIC PUBLISHERS' <br> ASSOCIATION, INC., *et al*., <br><br>     *Defendants*. | Case No. 3:26-cv-00047-B |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
AND CROSS-MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 3

III.  ARGUMENT ...................................................................................................... 3

    A.    It Is Premature and Inefficient to Compel a Rule 26(f) Conference and
        Start Discovery Prior to a Decision on Defendants' Motion to Dismiss. ................3

        1.    Requiring a Rule 26(f) Conference Is at Odds with This Court's
            Practices. ...................................................................................................3

        2.    There Is No Basis to Prematurely Force a Rule 26(f) Conference. .............5

    B.    Good Cause Exists to Stay Discovery Pending a Decision on Defendants'
        Motion to Dismiss X's Complaint ...........................................................................7

IV.   CONCLUSION ................................................................................................. 10

i

# TABLE OF AUTHORITIES[*]

**PAGE(S)**

CASES

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................2, 6

*Brown v. DFS Servs., L.L.C.*,
  434 F. App'x 347 (5th Cir. 2011) ...........................................................................7

*Concord et al. v. X Corp.*,
  No. 3:23-cv-00606 (M.D. Tenn. 2024)....................................................................1

*DSM Desotech Inc. v. 3D Sys. Corp.*,
  2008 WL 4812440 (N.D. Ill. 2008) .........................................................................9

*Endure Indus., Inc. v. Vizient, Inc.*,
  2021 WL 3771770 (N.D. Tex. 2021).................................................................6, 7, 9

*Escareno ex rel. A.E. v. Lundbeck, LLC*,
  2014 WL 1976867 (N.D. Tex. 2014)........................................................................6

*Greyhound Lines Inc. v. Western Trails Charters & Tours LLC*,
  No. 3:23-cv-2769 (N.D. Tex. 2024) ........................................................................4

*Hedrington v. United States*,
  2024 WL 3889625 (E.D. Cal. 2024).........................................................................5

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. 2007) ......................................................................10

*Johnson v. United Cont'l Holdings, Inc.*,
  2014 WL 12823346 (N.D. Cal. 2014) ......................................................................4

*Landis v. North Am. Co.*,
  299 U.S. 248 (1936).................................................................................................7

*Longmore v. HomeXpress Mortg. Corp.*,
  2025 WL 2926890 (D. Nev. 2025)............................................................................5

*Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*,
  751 F.3d 368 (5th Cir. 2014) ...................................................................................8

---

[*]Unless otherwise noted, all emphasis added, capitalizations conformed without brackets, and internal citations and quotation marks omitted.

*Meng v. William Carey Univ.*,
    2025 WL 1370820 (S.D. Miss. 2025)..................................................................................5

*Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*,
    2022 WL 111126 (D. Utah 2022) ....................................................................................9

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) ...........................................................................................7

*Planeta v. Edge*,
    2015 WL 73994 (N.D. Tex. 2015).....................................................................................7

*Prevent U.S.A. Corp. v. Volkswagen AG*,
    2024 WL 2988238 (E.D. Tex. 2024) ................................................................................9

*Primesource Bldg. Prods., Inc. v. Lee Grp. Int'l, Inc.*,
    2020 WL 6140462 (N.D. Tex. 2020)...........................................................................7, 8, 9

*Prof'l Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*,
    508 U.S. 49 (1993)...........................................................................................................8

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. 2020) ...............................................................................9

*Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*,
    2008 WL 8465061 (S.D. Tex. 2008) ...............................................................................9

*Sai v. Dep't of Homeland Security*,
    99 F. Supp. 3d 50 (D.D.C. 2015)..................................................................................5, 6

*Scroggins v. Air Cargo, Inc.*,
    534 F.2d 1124 (5th Cir. 1976) .........................................................................................7

*United States v. Colgate & Co.*,
    250 U.S. 300 (1919).........................................................................................................8

*Vargas v. Panini America Inc.*,
    No. 3:23-cv-02689-B (N.D. Tex. 2025) ...........................................................................4

*Verizon Comm'cs Inc. v. Law Offices of Curtis V. Trinko LLP*,
    540 U.S. 398 (2004).........................................................................................................8

**STATUTES**

17 U.S.C. § 512, Digital Millenium Copyright Act (DMCA) ....................................................1, 8

**RULES**

Fed. R. Civ. P. 26(f) .................................................................................................. *passim*

In accordance with this Court's Judge Specific Requirements and related case management practices, in light of Defendants' forthcoming motion to dismiss, and X's failure to identify a need to prematurely open complex antitrust discovery, Defendants oppose X's request for a Rule 26(f) conference. Defendants ask this Court to deny the motion to compel and also move the Court to formally order a stay of the Rule 26(f) conference and discovery until after it rules on the forthcoming motion to dismiss and issues a Status Report Order.

## I. INTRODUCTION

While unclear from X's motion, X is rushing to open discovery because, as it admits in its Complaint, X is the defendant in a copyright lawsuit filed two years ago by the same Music Publishers that X's suit now names as Defendants in this antitrust case. The copyright lawsuit is based on rampant infringement of musical compositions on the X platform and X's failure "to act on [Digital Millenium Copyright Act (DMCA)] takedown notices in a timely manner." Cmplt. ¶ 116; *Concord et al. v. X Corp.*, No. 3:23-cv-00606 (M.D. Tenn. 2024), ECF 91. Now, in this case, X complains of having to comply with the DMCA's take-down requirements and seeks to chill the Music Publishers' legitimate enforcement efforts through baseless antitrust claims and the threat of burdensome antitrust discovery. The copyright case has not settled, and X apparently intends to use the specter of antitrust discovery in this case as leverage. It should not be allowed to do so.

This Court's Judge Specific Requirements chart the most efficient course in this complex antitrust litigation alleging a multi-year antitrust conspiracy involving 19 entities. Under those procedures, counsel are required to meet face-to-face once "all defendants have filed answers" and the Court has issued "a Status Report Order," which contains additional "matters not required by

1

Rule 26(f)."[1] Defendants understand that the Court will not issue a Status Report Order until after the Court rules on Defendants' forthcoming motion to dismiss.

Defendants will be moving to dismiss X's Complaint in less than two weeks (on April 2, 2026). There is no need to impose the burdens of costly discovery on Defendants when the viability and future scope, if any, of X's Complaint is in doubt. Indeed, Defendants' motion to dismiss will identify fatal defects in X's claims that warrant dismissal of the entire case. As the Supreme Court made clear in *Twombly*, a plaintiff's antitrust claims should be tested at the threshold before it be permitted to inflict upon the defendants and the judicial system the "potentially enormous expense of discovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

Courts throughout the country recognize that a stay of discovery pending a ruling on a motion to dismiss is particularly appropriate in complex antitrust cases where discovery is notoriously burdensome. X does not provide any explanation as to why it needs discovery *now*. It does not claim that witnesses will become unavailable. It does not say that it needs preliminary relief. It does not even say what discovery it believes is so time sensitive.

Given X's push to open the floodgates of antitrust discovery before any determination of whether X's allegations even merit discovery to begin with, Defendants now also move, in the alternative, for a formal stay of discovery pending a resolution of their forthcoming motion to dismiss.

---

[1] Senior District Judge Jane J. Boyle, Judge Specific Requirements at I.C & D, https://www.txnd.uscourts.gov/judge/senior-district-judge-jane-boyle.

## II.     BACKGROUND

On February 9, 2026, shortly after all Defendants were served and retained counsel, Defendants proposed a motion to dismiss briefing schedule that put all Defendants on one timeline. App. 18-19, ECF No. 71.  At the same time, X's counsel requested dates in February for a Rule 26(f) conference.  App. 17.  Defendants' counsel, after reviewing this Court's Judge Specific Requirements and practice in other cases, provided their position that a Rule 26(f) conference was premature.  App. 15.  X disagreed, so Defendants suggested that the parties jointly contact the Court for clarification as to when the Court expected the parties to conduct the Rule 26(f) conference (*e.g.*, before or after Defendants file a responsive pleading and the Court issues the Status Report Order).  App. 8-10.  X declined and instead filed its Motion to compel a Rule 26(f) conference.  App. 8.

## III.     ARGUMENT

### A.     *It Is Premature and Inefficient to Compel a Rule 26(f) Conference and Start Discovery Prior to a Decision on Defendants' Motion to Dismiss.*

#### 1.     Requiring a Rule 26(f) Conference Is at Odds with This Court's Practices.

Contrary to X's argument (X. Br. 3), waiting until after this Court rules on Defendants' motion to dismiss to hold the conference does not violate Rule 26(f).  Under the rule, "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f).  Neither a scheduling conference nor a scheduling order is on the docket, so there is no current deadline for a Rule 26(f) conference.

Moreover, this Court has specific requirements that apply here.  Case Management Procedure § I.D provides that "[o]nce *all defendants have filed answers*, the Judge issues a Status Report Order requiring the parties to meet face-to-face for the purpose of filing a joint status

3

report."[2]  Holding a 26(f) conference at this stage, before the Court issues a Status Report Order, makes little sense because the Status Report Order will "contain[] matters not required by Rule 26(f)."  Case Management Procedures § I.C.  Rather, the parties should hold the Rule 26(f) conference once the scope of this case is clear, and when any additional requirements are identified by this Court.

X argues that this Court's Case Management Procedures contemplate that in some cases, a Rule 26(f) conference may occur before issuance of the Status Report Order (X. Br. 3-4), but that does not mean it is appropriate or practicable in this case.  This Court's standard procedures are particularly apt here, where X brought an antitrust action against 18 Music Publishers (composed of more than 40 entities) and their trade association.  Even "minimal" initial discovery across so many Defendants will be burdensome and premature given that the Court's ruling on the motion to dismiss might eliminate X's claims or at least narrow the issues significantly.

X has not shown why a Rule 26(f) conference should occur when there is no pending scheduling conference or deadline.  *See Johnson v. United Cont'l Holdings, Inc.*, 2014 WL 12823346, at *1 (N.D. Cal. 2014) (denying motion to compel Rule 26(f) conference because plaintiffs "fail[ed] to show why the … conference should be conducted" before the deadline).  X's only response is that without a Rule 26(f) conference, discovery is not open.  But, as discussed further below, X has not explained why discovery should be opened now, before motions to dismiss are decided and contrary to this Court's procedures.

---

[2] In practice, this Court has implemented this procedure by ruling on any pending motion(s) to dismiss and then allowing a defendant to file an Answer before issuing a Status Report Order requiring a Rule 26(f) conference.  *See, e.g.*, *Greyhound Lines Inc. v. Western Trails Charters & Tours LLC*, No. 3:23-cv-2769 (N.D. Tex. 2024) (Boyle, J.), ECF Nos. 24, 28, 31-35, 37, 28; *Vargas v. Panini America Inc.*, No. 3:23-cv-02689-B (N.D. Tex. 2025) (Boyle, J), ECF Nos. 52, 57, 62-64.

### 2.     There Is No Basis to Prematurely Force a Rule 26(f) Conference.

Forcing a Rule 26(f) conference at this early stage is inappropriate given Defendants' forthcoming motion to dismiss. *Vineyard Investigations v. E&J Gallo Winery* is instructive. 2020 WL 7342632 (E.D. Cal. 2020). In *Vineyard Investigations*, the court denied plaintiffs' motion to compel a Rule 26(f) conference, rejecting the same argument X makes here—that in the absence of a Rule 26(f) conference, the defendant obtains "a 'de facto' stay of the case." *Id.* at *2. The court held that "compelling Defendant to participate in a Rule 26(f) conference while its motion to dismiss is pending is not practicable" and that "postponing the Rule 26(f) conference, and therefore the opening of discovery, until after the resolution of Defendant's motion to dismiss in this case is an appropriate exercise of litigation economy and judicial efficiency…." *Id*. at *3.

The court further explained that the plaintiff's argument "that discovery is 'stayed' is without merit" because "[d]iscovery cannot be stayed until it is opened, and it is not opened until the Rule 26(f) conference occurs." *Id.*; *see also Meng v. William Carey Univ.*, 2025 WL 1370820, at *2 (S.D. Miss. 2025) (holding that a formal stay was unnecessary when "the [local] rules essentially postpone the commencement of discovery by delaying the entry of an Initial Order pending a ruling on the Motion[] to Dismiss and the filing of Defendants' answers" and accordingly, the parties had not conducted a Rule 26(f) conference).

It is X's burden to show why a Rule 26(f) conference should be compelled before any operative deadline under the Rules. It has not and cannot meet that burden. *See Vineyard Investigations*, 2020 WL 7342632, at *3 ("Plaintiff has not shown good cause to hold the Rule 26(f) conference prior to the Court's ruling on Defendant's motion to dismiss."); *see also, e.g.*, *Longmore v. HomeXpress Mortg. Corp.*, 2025 WL 2926890, at *1 (D. Nev. 2025) (denying motion to compel 26(f) conference pending motions to dismiss); *Hedrington v. United States*, 2024 WL 3889625, at *2 (E.D. Cal. 2024) (same); *Sai v. Dep't of Homeland Security*, 99 F. Supp. 3d 50, 58

5

(D.D.C. 2015) (holding that "a stay of the Rule 26(f) conference and of discovery pending resolution of the threshold, dispositive motions is appropriate").

The cases X relies on do not further its argument.  X. Br. 4.  To begin, none are antitrust cases.  *See Endure Indus., Inc. v. Vizient, Inc.*, 2021 WL 3771770, at *1 (N.D. Tex. 2021) (explaining that "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive"); *see also Twombly*, 550 U.S. at 546 (cautioning courts not "to forget that proceeding to antitrust discovery can be expensive").  Nor do any of the cases involve the prospect of a plaintiff pursuing discovery from dozens of defendants for several months before a motion to dismiss could be decided.

In one case on which X relies, *Yeti Coolers, LLC v. Magnum Solace, LLC*, the court acknowledged that in some cases a stay of discovery is appropriate, including where "the motion to dismiss raises a serious legal question or factual deficiency that has a reasonabl[e] likelihood of resulting in the dismissal of the case."  2016 WL 10571903, at *2 (W.D. Tex. 2016).  Only after determining that *Yeti* was not such a case—including because the plaintiff's complaint was "thoroughly-pled" and because its other similar complaints had proceeded beyond the pleadings— did the Court conclude a stay was not warranted.  *Id.*  The circumstances here are entirely different.  As explained further below, Defendants' forthcoming motion to dismiss will raise serious questions and deficiencies in X's complaint and has a reasonable likelihood of resulting in complete dismissal.

X relies heavily on *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *1 (N.D. Tex. 2014) (X. Br. 2-3), but that case is inapposite for two fundamental reasons.  First, this Court's Case Management Procedures were not raised by the parties and therefore, the decision does not grapple with Defendants' arguments here.  Second, even in that case, the plaintiffs moved to

6

compel a 26(f) conference *after* defendant's motion to dismiss was fully briefed.  Here, it is appropriate to wait until a decision on the forthcoming motion to dismiss and issuance of a Status Report Order.

For these reasons, X's motion to compel should be denied.

### B.    Good Cause Exists to Stay Discovery Pending a Decision on Defendants' Motion to Dismiss X's Complaint

Because there is no basis to compel Defendants to hold a 26(f) conference before the deadline under the Rules and discovery has not begun, a stay is not necessary.  However, if a stay is required, there is good cause for such a stay here.

This Court "has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) in holding that the court "properly deferred discovery"); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (same); *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 351 (5th Cir. 2011) ("A trial court is vested with broad discretion regarding discovery.").  To determine whether a stay is warranted, "some of the relevant factors that inform a court's discretion are the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay." *Endure Indus.*, 2021 WL 3771770, at *1.  Where the court will be deciding a motion to dismiss, "a district court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether." *Primesource Bldg. Prods., Inc. v. Lee Grp. Int'l, Inc.*, 2020 WL 6140462, at *1 (N.D. Tex. 2020); *cf. Planeta v. Edge*, 2015 WL 73994, at *1 (N.D. Tex. 2015) (Boyle, J.) (staying discovery pending a ruling on a motion for summary judgment on the issue of qualified immunity).

***Defendants Have Potentially Dispositive Motion to Dismiss Arguments.*** Defendants' forthcoming motion will challenge X's entire Complaint and is not "frivolous." *See Primesource*, 2020 WL 6140462, at \*2 (staying discovery when a "cursory examination" of defendant's motion to dismiss revealed the arguments "are not frivolous" and that "if the arguments are valid, then the case will be completely disposed of"). For instance, Defendants will argue that X does not plausibly allege a conspiracy on Defendants' part not to deal with X on individual go-forward licenses beyond mere conclusory labels and buzz words. It alleges no "who, what, when, or where" of any such agreement. And though X also brings defective "monopolization" claims by reframing its conspiracy as individual conduct, "[t]he Sherman Act 'does not restrict the long recognized right of [a] trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal.'" *Verizon Comm'cs Inc. v. Law Offices of Curtis V. Trinko LLP*, 540 U.S. 398, 408 (2004) (quoting *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919)).

With no conspiracy or exclusionary conduct, all that remains left of X's allegations is that the Publishers have lawfully asserted their copyright rights under the DMCA using the efficiency-enhancing services of their trade association, the NMPA. Asserting rights under the Copyright Act through the very method authorized by the Act is far from an antitrust violation. It is also protected activity under the *Noerr-Pennington* doctrine. *See Prof'l Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). Further, X has failed to allege injury to competition as a whole, and instead alleged injury only to itself. But injury to competition is required for an antitrust claim. *See Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 376 (5th Cir. 2014). X's state-law claims fail for similar reasons.

A stay is warranted in these circumstances. *See Primesource*, 2020 WL 6140462, at \*2.

***Defendants Expect X to Seek Broad and Burdensome Discovery.*** Staying discovery in antitrust cases is "particularly appropriate" pending a motion to dismiss because "discovery tends to be broad, time-consuming and expensive." *Endure Indus.*, 2021 WL 3771770, at \*1 (citing *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at \*1 (S.D. Tex. 2008) (collecting cases) (granting motion to stay discovery); *Prevent U.S.A. Corp. v. Volkswagen AG*, 2024 WL 2988238, at \*1 (E.D. Tex. 2024) (staying "broad-ranging discovery" and recognizing "that the burden of discovery is particularly high" in an antitrust case); *Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, 2022 WL 111126, at \*2 (D. Utah 2022) (staying discovery and citing the "numerous courts" that have stayed discovery in antitrust cases); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at \*4 (N.D. Cal. 2020) ("[A]s the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive.").

Here, Defendants have no expectation that discovery will be any less burdensome than in a typical antitrust case. X brought an eight-count lawsuit alleging a multi-year conspiracy involving 19 different entities and their affiliates. Cmplt. ¶ 19. X's allegations go back a decade. Cmplt. ¶ 73 (quoting statements made by NMPA's President and CEO in 2016); ¶ 75 (allegations concerning a 2016 agreement between NMPA and Spotify). As in other cases, the likely scope of expected discovery here warrants a stay of discovery. *See, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at \*3 (N.D. Ill. 2008) (granting motion to stay discovery while a motion to dismiss was pending where "potential liability on six separate antitrust claims" would include discovery that would be "extensive, voluminous, and expensive to produce" as well as contain "highly sensitive subject matter").

***There Is No Prejudice to X.***  X has not, and cannot, identify "circumstances presenting a compelling need for prompt discovery." *Id*.  It is not seeking emergency or preliminary relief.  It alleges no irreparable harm.  It identifies no risk of losing testimony or evidence.  *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. 2007) (even with a "leisurely briefing schedule on the motions to dismiss … recommended by both sides" there was "no urgent need for immediate discovery" and "time enough to critique the complaint and to then consider the best course for discovery").  The circumstances do not warrant discovery proceeding at this time.

## IV.    CONCLUSION

Based on this Court's Judge Specific Requirements and past practice and the additional reasons outlined above, Defendants respectfully request that the Court deny X's motion to compel a Rule 26(f) conference and grant Defendants' motion to stay discovery pending a ruling on the forthcoming motion to dismiss.

10

Dated:  March 24, 2026

Leigha Simonton
Tex. Bar No. 24033193
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, TX 75201
Telephone: (214) 462-6444
Facsimile: (855) 261-8725
lsimonton@dykema.com

Respectfully submitted,

/s/ Christopher E. Ondeck
Christopher E. Ondeck*
DC Bar No. 454014
Jaclyn Phillips*
DC Bar No. 1035068
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, NW, Suite 600 S
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
jphillips@proskauer.com

David A. Munkittrick*
NY Bar No. 4918678
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
dmunkittrick@proskauer.com

*Attorneys for Defendants
National Music Publishers' Association,
Inc., ABKCO Music, Inc., Anthem
Entertainment, L.P., Big Machine Music,
LLC, BMG Rights Management (US)
LLC, Concord Music Group, Inc.,
Downtown Music Publishing LLC, Kobalt
Music Publishing America, Inc., Lyric
Copyright Services, LP, Mayimba Music,
Inc., Payday Music Publishing, LLC, Peer
International Corporation, Peermusic,
Ltd., Peermusic III, Ltd., Peertunes, Ltd.,
Reservoir Media Management, Inc., Songs
of Peer, Ltd., Southern Music Publishing
Co., Inc., The Royalty Network, Inc.,
Warner Chappell Music, Inc., and Wixen
Music Publishing, Inc.*

*Admitted Pro Hac Vice*

/s/ Jeffrey M. Tillotson
Jeffrey M. Tillotson

11

State Bar No. 20039200
TILLOTSON JOHNSON & PATTON
1201 Main Street, Suite 1300
Dallas, Texas 75202
214-382-3040
jtillotson@tillotsonlaw.com

Glenn D. Pomerantz*
Kuruvilla J. Olasa*
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
glenn.pomerantz@mto.com
kuruvilla.olasa@mto.com

Helen E. White*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
helen.white@mto.com

*Attorneys for Defendants Polygram
Publishing, Inc., Songs of Universal, Inc.,
Universal Music Corp., Universal Music –
MGB NA LLC, Universal Music – Z Tunes
LLC, Universal Musica, Inc.*

*\*Pro Hac Vice Application Pending*

<u>*/s/ D. Bruce Hoffman*</u>
D. Bruce Hoffman (admitted *pro hac vice*)
Jacob M. Coate (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON
LLP
2112 Pennsylvania Ave, NW
Washington, DC 20037
bhoffman@cgsh.com
jcoate@cgsh.com

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl

12

Texas Bar No. 00798525
Maria Zermeno
Texas Bar No. 24144700
mzermeno@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
T: 214.550.8188 | F. 214.550.8185

*Attorneys for Colgems-EMI Music Inc.,
EMI April Music Inc., EMI Blackwood
Music Inc., EMI Consortium Music
Publishing, Inc., EMI Consortium Songs,
Inc., EMI Entertainment World Inc., EMI
Feist Catalog Inc., EMI Mills Music Inc.,
EMI U Catalog Inc., Famous Music LLC,
Hipgnosis Songs Group, LLC, Jobete
Music Co., Inc., Screen Gems-EMI Music
Inc., Sony Music Publishing (US) LLC,
Stone Agate Music, Stone Diamond Music
Corp.*

13

## CERTIFICATE OF CONFERENCE

I certify that on March 20, 2026, Defendants' counsel met and conferred with Plaintiff's counsel to resolve the issues underlying this motion without the necessity of Court intervention, per Local Rule 7.1(a)-(b).  Plaintiff's counsel has indicated that X opposes Defendants' cross motion for a stay of discovery.

Dated:  March 24, 2026                               */s/ Christopher E. Ondeck*
                                                     Christopher E. Ondeck

14

## CERTIFICATE OF SERVICE

I certify on this 24th day of March 2026, I caused the foregoing to be electronically filed and served through the Court's ECF System.

Dated:  March 24, 2026

/s/ Christopher E. Ondeck
Christopher E. Ondeck

15