UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| X CORP., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-0047-B |
| | § | |
| NATIONAL MUSIC PUBLISHERS | § | |
| ASSOCIATION, et al., | § | |
| | § | |
|    Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff X Corp.'s Motion to Compel a Conference Under Federal Rule of Civil Procedure ("FRCP") 26(f) (Doc. 70). Defendants filed a response (Doc. 81), in which they included a cross-motion to stay discovery until their now-pending motion to dismiss (Doc. 86) is decided. X has filed a reply (Doc. 92), and Defendants have filed a reply supporting their cross-motion to stay (Doc. 93). Having considered the parties' arguments, the Court **DENIES** X's motion to compel (Doc. 70). The Court **GRANTS** Defendants' cross-motion to stay (Doc. 81) and **STAYS** the start of discovery until after the pending motion to dismiss is decided.

## I.

## BACKGROUND

Although this is a complex case, both sides have admirably collaborated to streamline early case management. On January 9, 2026, X launched this antitrust case alleging eight total claims (four federal and four under state law) against more than 40 total defendants. *See* Doc. 1, Compl. ¶¶ 19–62, 195–237. Early in the case, counsel for both sides agreed on a briefing schedule for any motions

to dismiss. *See* Doc. 57, Joint Mot. Ext'n Time ¶ 6. As the deadline for filing those motions neared, counsel for both sides once again agreed, this time to extend the page limit for one consolidated brief supporting the Defendants' collective motion to dismiss (in lieu of 40+ individual filings) and to extend page limits for one response and one reply. *See* Doc. 76, Joint Mot. Leave Exceed Page Limits, 1.

Yet the parties do not agree on one case-management matter: should discovery commence before the Court decides the motion to dismiss? X initially asked Defendants' counsel when they would be available for the FRCP 26(f) conference. *See* Doc. 70, Mot. Compel, 2; Doc. 81, Resp., 3. Typically, that conference kicks off discovery. *See* FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Defendants' counsel responded to X that holding the FRCP 26(f) conference would be "premature" until the Court decided the motion to dismiss. *See* Doc. 70, Mot. Compel, 2; Doc. 81, Resp., 3. The impasse resulted in X's motion to compel.

## II.

## LEGAL STANDARD

FRCP 26(f)(1) requires parties to "confer as soon as practicable—and in any event at least 21 days before a . . . scheduling order is due." Based on the latter timing requirement, this Court does not prompt parties to conduct their initial conference until after all defendants have filed answers. *See* Judge Boyle's Judge Specific Requirements ¶ I.D. ("Once all defendants have filed answers, the Judge issues a Status Report Order requiring the parties to meet face-to-face for the purpose of filing a joint status report."). But that practice does not override the "as soon as practicable" requirement, and the Court's Judge-Specific Requirements contemplate that the FRCP 26(f) conference may occur

before prompted by the Court. *See id.* ¶ I.C. ("If . . . the parties have already conducted a Rule 26(f) scheduling conference that fully complies with the one required by the [Court's] order, they need not convene an additional conference."). The presumption, under the FRCP, is that "discovery may proceed despite the filing of a Motion to Dismiss." *Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-CV-3190-E, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021) (Brown, J.) (citations omitted).

Nevertheless, courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted). When presented with a request to stay pending a ruling on a motion to dismiss, courts consider "the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay." *Endure Indus.*, 2021 WL 3771770, at *1 (citing *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020) (Starr, J.)).

### III.

### ANALYSIS

Considering the expected burden of discovery and the conceivable strength of Defendants' dispositive motion, a stay of discovery is warranted here. First, the expected burden of discovery in this antitrust case with more than 40 defendants is significant. Unlike in *Endure Industries* and *Primesource*, the Court does not have before it any actual discovery requests to examine their breadth and burden. *See Endure Indus.*, 2021 WL 3771770, at *1 (assessing 183 requests for production and 23 interrogatories); *Primesource*, 2020 WL 6140462, at *2 (assessing 15 requests for production). But, as recognized by the Supreme Court's seminal *Bell Atlantic Corp. v. Twombly* decision, "proceeding to antitrust discovery can be expensive." 550 U.S. 544, 558 (2007). On that understanding, the

Supreme Court suggested that early scrutiny of a complaint for compliance with FRCP 8 pleading standards is the only mechanism to curb discovery abuse. *See id.* at 559–60 & n.6 (other citation omitted) (citing Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U. L. Rev. 635, 638–39 (1989)). As a result, "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *Endure Indus.*, 2021 WL 3771770, at *1 (citation omitted).

Discovery here would be expectedly burdensome not only because this is an antitrust case, but also because there are eight causes of action, dozens of defendants, and decade-old allegations. *See* Doc. 81, Resp., 4, 9. X's response to those expected burdens is that it only seeks to "discuss the scope of discovery" at a FRCP 26(f) conference and that the burdens can be limited by staging discovery. *See* Doc. 92, Reply, 9. That proposal runs headlong into the Supreme Court's caution against phased discovery as a case-management technique when a complaint has not yet been tested under FRCP 8. *See Bell Atl.*, 550 U.S. at 560 n.6. The Supreme Court criticized that approach as posing difficult line-drawing problems of how much discovery to allow based on determinations that a judge has not yet made. *See id.* Thus, the expected burden of discovery—or, alternatively, the line-drawing difficulty of attempting to phase discovery—weighs in favor of delaying the start of discovery.

Second, the conceivable strength of Defendants' motion to dismiss weighs in favor of staying discovery. Defendants' motion to dismiss is an FRCP 12(b)(6) motion challenging whether X's complaint has stated cognizable legal claims under the FRCP 8 standard. *See generally* Doc. 86, Mot. Dismiss. In their briefs on the motion to compel, the parties trade arguments regarding who is likely to win on the motion to dismiss. *See* Doc. 81, Resp., 8; Doc. 92, Reply, 5–8. It would not be appropriate for the Court to "wade[] too deeply into the merits" of these arguments. *See Primesource*,

2020 WL 6140462, at *2 n.4. Rather, the relevant inquiry is whether, on "a cursory examination," the dispositive motion is "not frivolous and merit[s] serious consideration" and whether granting it would dispose of the entire case. *See id.* at *2. On that inquiry, Defendants' 41-page brief supporting its motion to dismiss raises substantial legal challenges to all eight alleged causes of action. *See generally* Doc. 87, Br. Mot. Dismiss. Without prejudging the merits, the Court can conclude that Defendants' arguments for dismissal are not frivolous, are worthy of serious consideration, and could—if valid—dispose of the whole case.

X's main argument against the conceivable merits of Defendants' dispositive motion is that "X has filed 'a thoroughly-pled, fact-specific lawsuit.'" Doc. 92, Reply, 8 (quoting *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *2 (W.D. Tex. Oct. 19, 2025)). In the case that X quoted for support, the plaintiff alleged in a detailed complaint that the defendant had infringed the plaintiff's trade dress and otherwise engaged in unfair competition. *See YETI Coolers*, 2016 WL 10571903, at *1. The defendant filed an FRCP 12(b)(6) motion seeking to dismiss the complaint for providing insufficient details to state a claim. *See id.* When the defendant requested a stay of discovery until its motion to dismiss was decided, the court denied the request because it predicted a low likelihood of success in challenging the adequacy of details in the plaintiff's very detailed complaint. *See id.* at *2. In so denying, the court noted that an exception to the typical rule that an FRCP 12(b)(6) motion does not stay discovery is when the dispositive motion raises "a serious legal question." *See id.* Here, that exception applies. Although X has pleaded in considerable detail, a substantial portion of Defendants' challenge is that those detailed allegations do not amount to the antitrust claims that X asserts. Thus, the fact that X's complaint is thorough does not reduce the conceivable strength of Defendants' dispositive motion.

Two other cases cited by X where courts did not stay discovery are similarly distinguishable. *See* Doc. 92, Reply, 3. In the first case, the court rejected the defendant's argument that a pending FRCP 12(b)(6) motion automatically stays discovery. *See Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (Horan, Mag. J.). Unlike the defendant in *Escareno* who asserted no other reason for a stay, Defendants here have asserted reasons including the burden of discovery and conceivable strength of their dispositive motion. *See id.*

In the second case, the court denied a defendant's motion to stay discovery pending one motion to dismiss for lack of jurisdiction and another yet-to-be-filed dispositive motion. *See Ashford Inc. v. Unite Here*, No. 3:15-cv-0262, 2015 WL 11121019, at *1 (N.D. Tex. May 12, 2015) (Lynn, J.). Here, although Defendants' motion to dismiss had not been filed until after it requested a stay of discovery, their contemplated motion is reflected in the parties' early coordinating of a briefing schedule. Unlike the unfiled motion in *Ashford*, the notion of a forthcoming dispositive motion here was not merely imaginative but reflected a true intention that in fact materialized only days later. In addition, the defendant in *Ashford* was willing to respond to some discovery requests but not others, undercutting its argument that discovery was burdensome. *See id.* at *2. In contrast, Defendants here have presented convincing arguments that commencing discovery at all would be unduly burdensome considering their conceivably strong challenge to the legal sufficiency of X's claims.

Finally, X raises the burden that it would face if discovery does not commence forthwith. Acknowledging that it has not sought emergency or preliminary injunctive relief, X argues that it would be continuously harmed by a delay in receiving a permanent injunction (which it has sought) against Defendants' allegedly unlawful activity. *See* Doc. 92, Reply, 10. A permanent injunction "looks to the future" and is appropriate when a court reasonably expects the injurious conduct to

continue after the lawsuit. *See* 11A *Wright & Miller's Federal Practice & Procedure* § 2942 (3d ed. 2026). If an "adequate legal remedy" exists, "courts generally will refuse to grant injunctive relief." *Id.* § 2944. If X ultimately prevails on its causes of action, the remedy for the continuing wrong it suffered during this lawsuit's pendency is all the damages that accrued since the lawsuit began. *See Lawlor v. Loewe*, 235 U.S. 522, 536 (1915). If X wanted to argue that waiting for that monetary relief posed irreparable harm, the proper course is to seek a preliminary injunction, which X has not done.

To be sure, as X notes, FRCP 1 promises the "just, speedy, and inexpensive determination of every action and proceeding." Considering that promise, the Court concludes that the most efficient and inexpensive way to proceed is as *Bell Atlantic* counsels: first to test the legal adequacy of the complaint and then, as necessary, to proceed with open discovery.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** X's motion to compel (Doc. 70). The Court **GRANTS** Defendants' cross-motion to stay (Doc. 81) and **STAYS** discovery until the pending motion to dismiss (Doc. 86) has been decided. If any part of the case proceeds thereafter, the parties may coordinate their initial case management conference or may wait until the Court prompts them to do so with a Status Report Order after Defendants have answered the complaint.

SO ORDERED.

SIGNED: April 23, 2026.

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE